IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 0 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00560-BNB

GILARIME MICHAEL MUELLER,

    Plaintiff,

v.

JOHN L. KAMMERZELL, U.S. Marshal, against his [sic] individually and official capacities,

    Defendants.

---

## ORDER TO FILE AMENDED COMPLAINT

---

Plaintiff, Gilarime Michael Mueller, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, in Florence, Colorado. He initiated this by filing *pro se* a prisoner complaint *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332 based upon his contention that he is a resident of the State of Iowa. He also filed motions for leave to make a deposit in this court (document no. 3), for release of tangible property (document no. 4), for a preliminary injunction (document no. 11), and purporting to be a replevin bond (document no. 5).

The Court must construe Mr. Mueller's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be

an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Mueller will be allowed one opportunity to file an amended complaint.

The Court has reviewed Mr. Mueller's complaint and finds that the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Mueller fails to set forth a short and plain statement of his claims showing that he is entitled to relief. In addition, his complaint generally is incomprehensible other than his allegation that he has satisfied a $4,000.00 fine imposed against him as a tax lien pursuant to 28 U.S.C. § 3002(8) of the Federal Debt Collection Procedure, but the

defendant, John L. Kammerzell, has failed to release the lien. Section 3002(8) defines a judgment as a "judgment, order, or decree entered in favor of the United States in a court and arising from a civil or criminal proceeding regarding a debt."

The Court has conducted independent research and has learned that according to www.pacer.psc.uscourts.gov Mr. Mueller on November 20, 2008, was convicted by a jury in Criminal Action No. 08-cv-00054-JAJ-TJS-002 in the United States District Court for the Southern District of Iowa (Southern District of Iowa) on charges of conspiring to distribute cocaine base and possessing cocaine base with intent to distribute. On June 24, 2008, the United States Drug Enforcement Administration (DEA) sent to Mr. Mueller written notice of the seizure and proposed forfeiture of $17,258.00, which notice was delivered to and signed for by Mr. Mueller. On September 12, 2008, the DEA forfeited the $17,258.00 seized from Mr. Mueller.

Mr. Mueller was sentenced to concurrent terms of confinement totaling 380 months, followed by 5 years of supervised release. On March 29, 2010, the United States Court of Appeals for the Eighth Circuit affirmed the judgment of conviction. **See United States v. Mueller**, No. 09-1798, 368 Fed. Appx. 709 (8th Cir. Mar. 29, 2010) (unpublished).

In the instant action, it is not clear whether Mr. Mueller is attacking the completed civil forfeiture action. He previously did so on September 14, 2010, by filing in the Southern District of Iowa a motion for return of property. That court, in an order filed on December 2, 2010, granted the government's motion to dismiss the motion for return of property.

Apparently, Mr. Mueller expects the Court and the defendant to piece together his

vague allegations with the record in his Southern District of Iowa criminal case and the various statutes he cites throughout the text of his complaint to develop an understanding of what Mr. Mueller is attempting to assert. That is neither a judicial function nor is it the defendant's responsibility. The general rule that **pro se** pleadings must be construed liberally has limits, and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005).

It is Mr. Mueller's responsibility to present his claims in a manageable format that allows the Court and the defendant to know what claims are being asserted and to be able to respond to those claims. Mr. Mueller must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. To state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Court will give Mr. Mueller the opportunity to file an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 by asserting his claims in a manageable format in one succinct document.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. See **Atkins v. Northwest Airlines, Inc.**, 967 F.2d 1197, 1203 (8th Cir. 1992); **Gillibeau v. City of Richmond**, 417 F.2d 426, 431 (9th Cir. 1969). The

Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Mueller will be given one opportunity to cure the deficiencies in his complaint by submitting an amended complaint that states his claims clearly and concisely in compliance with Fed. R. Civ. P. 8 and alleges specific facts that demonstrate how the defendant harmed him. Accordingly, it is

ORDERED that Plaintiff, Gilarime Michael Mueller, **within thirty (30) days from the date of this order**, file an amended complaint that complies with this order and with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Mueller, together with a copy of this order, two copies of the following form, one of which is to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Mueller fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED March 30, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00560-BNB

Gilarime Michael Mueller
Reg No. 08744-030
FCI Florence
P.O. Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on March 30, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk